**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| IMPERIAL SECURITY, INC., | ) | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | ) | |

<u>**NATURE OF THE ACTION**</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Julie L. Holloway-Russell ("Holloway") and a class of similarly situated Muslim employees, who were adversely affected by such practices.

As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Defendant, Imperial Security, Inc., has denied religious accommodations to Holloway and a class of similarly situated Muslim employees by refusing to permit them to wear their khimar, a religious head scarf. The Commission further alleges that Defendant terminated the employment of Holloway and terminated or threatened to terminate a class of similarly situated Muslim employees because they sought to wear the khimar while on duty. As a result of the discriminatory practices by Defendant, Holloway and the class of Muslim employees have suffered severe emotional distress damages and back pay losses.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Imperial Security, Inc. ("Defendant" or the "Employer"), a Pennsylvania Corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the City of Philadelphia, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Holloway filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least December 26, 2009, Defendant Employer engaged in unlawful employment practices at the Philadelphia Convention Center, where Holloway was assigned to work, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Specifically, the Commission alleges that Defendant discriminated against Holloway on the basis of religion, Islam, as follows:

(a)    Holloway is Muslim and wears a khimar pursuant to her religious faith and practices. The khimar is an Islamic religious head scarf, designed to cover the hair, forehead, sides of the head, neck, shoulders, and chest.

(b)    Defendant provides security services for various Philadelphia and New Jersey customers.  Defendant frequently provides security services for large shows and events at the Philadelphia Convention Center.

(c)    On November 25, 2009, Holloway was interviewed and hired for the position of part-time Security Officer.

(d)    During the interview, Holloway wore a religious garment which covered her from head to toe, revealing only her hands and face.

(e)    Defendant maintains a written uniform policy as follows:

> A standard uniform consists of a white shirt, tie, black pants, a black belt, black socks, and black shoes (all must be black).    No jeans or tight pants.    UNLESS SPECIFICALLY PLACED AT A SITE WITH SPECIAL INSTRUCTIONS.

(f)    Additionally, depending on the assignment, the employee may be required to wear a blazer, windbreaker, bomber jacket or golf shirt bearing the company logo.

(g)    At the top of the policy, in all capital letters, it reads "ADDITIONS TO THE UNIFORM ARE NOT PERMITTED FOR ANY REASON INCLUDING RELIGION."

3

(h)    Employees are solely responsible for the cost of their uniform.

(i)    Holloway's first assignment was for a job at the Philadelphia Convention Center, on December 26, 2009. In addition to her uniform, she reported for work wearing a religious head covering, called a khimar, with the loose ends tucked under the collar of her shirt. The khimar covered only her hair, ears, and neck.

(j)    At the end of her shift, Holloway was informed by the on-site supervisor that she was not permitted to wear her khimar while on duty. Holloway questioned the policy, and was told to remove the khimar. Holloway declined to remove it and left for the day.

(k)    The next day, on December 27, 2009, Holloway contacted Defendant for her work assignment and addressed the uniform policy regarding the wearing of her khimar. Defendant explained that the uniform policy prohibited her from wearing the khimar and, instead, offered that she wear a company approved baseball hat. Holloway declined the option of wearing a baseball hat as it is in conflict with her religious beliefs.

(l)    Because Holloway never received further contact from Respondent regarding future work, she assumed she was effectively terminated on December 27, 2009.

(m)    On May 26, 2010, Defendant provided Holloway with an offer to return to work for an assignment at the Children's Hospital of Philadelphia ("CHOP") construction site. In its offer, Defendant stated that it would "relax" the no headgear policy and allow her to wear her khimar on duty at this particular site only because there would be "virtually no exposure to the general public" at this location.

(n)    Holloway reasonably declined this offer.

4

(o)    Defendant Employer failed to consider the provision of a religious accommodation to its Muslim employees and is unable to show that it has or will suffer undue hardship.

8.    Since at least the fall of 2007, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by also discriminating against a class of similarly situated Muslim female employees on the basis of religion, Islam, as follows:

(a)    Defendant Employer's uniform policy, prohibiting employees from wearing religious head covering, such as the khimar, has similarly adversely affected a class of Muslim employees, including security officers, assigned to work at the Philadelphia Convention Center and other locations.

(b)    A number of similarly situated Muslim employees have sought exceptions to the uniform policy as religious accommodations and been denied. Further, other Muslim employees have been chilled from seeking religious accommodation to the dress code due to Defendant Employer's adverse treatment or threat of adverse treatment.

(c)    Defendant Employer has forced its Muslim employees to compromise their religious beliefs by removing their khimars while on duty or risk termination.

(d)    Defendant Employer failed to consider the provision of a religious accommodation to its Muslim employees and is unable to show that it has or will suffer undue hardship.

9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Holloway and the class of similarly situated Muslim employees of equal employment

opportunities and otherwise adversely affect their status as employees because of religion, Muslim.

10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Holloway and the class of Muslim employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make Holloway and the class of similarly situated Muslim employees whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

D.    Order Defendant Employer to make Holloway and the class of similarly situated Muslim employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above,

including, but not limited to, their losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

      E.      Order Defendant Employer to pay Holloway and the class of similarly situated Muslim employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

  /s/ Debra M. Lawrence
DEBRA M. LAWRENCE
MD 04312
Regional Attorney
Debra.Lawrence@eeoc.gov

  /s/ Maria Salacuse
MARIA SALACUSE
MD 15562
Supervisory Trial Attorney
Maria.Salacuse@eeoc.gov

  /s/ Natasha L. Abel
NATASHA L. ABEL
PA 195045
Trial Attorney
Natasha.Abel@eeoc.gov

7

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone:    (215) 440-2686
Facsimile:    (215) 440-2848