UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
  )
         Plaintiff, ) CIVIL ACTION NO.
  ) 2:10-CV-04733-ECR
    v. )
  )
IMPERIAL SECURITY, INC., )
         Defendant. )
  )

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Imperial Security, Inc., ("Defendant"), alleging that Defendant violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by denying Charging Party Julie L. Holloway-Russell ("Holloway") and a class of similarly situated Muslim employees religious accommodations when it refused to permit them to wear their khimar, a religious head scarf, while on duty.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is **ORDERED, ADJUDGED AND DECREED:**

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action which emanated from the Charge of Discrimination filed by Holloway. EEOC discharges Imperial with respect to any and all such claims.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and Defendants, shall not constitute an adjudication or finding on the merits of the case. Defendant denies any wrongdoing, culpability or any violation of any law, statute, regulation, duty, obligation or contract.

### Monetary Relief

4. Defendant shall pay $50,000 (without interest) to resolve this action which represents $49,000 in damages to Charging Party Julie Holloway and $1,000 for attorneys fees. The total shall be distributed as follows:

   a. Within 15 days of the entry of this Decree, Defendant shall issue three checks as follows: (a) a check in the gross amount of $7,000 payable to Holloway representing back pay (treated as "wage income" and subject to all applicable withholdings and deductions); (b) a check in the gross amount of $4,500 payable to Holloway representing compensatory damages; and (c) a check in the gross amount of $1,000 payable to Holloway's attorney, Stephanie James representing Holloway's attorneys' fees and costs. Said three checks shall be

2

      mailed directly to Holloway and her counsel, respectively, and photocopies will be mailed to the EEOC's attorney, Natasha L. Abel, Esquire

   b. Defendant will mail three (3) additional checks, each for $12,500, to Ms. Holloway with a photocopy of the check and related correspondence to the EEOC as provided above, on or before December 23, 2011, with receipt by December 27, 2011, March 1, 2012, June 1, 2012, respectively.

   c. Of the $49,000 paid to Ms. Holloway, $42,000 represents compensatory damages and $7,000 represents back pay wages. Accordingly, Defendant will issue to Ms. Holloway a United States Internal Revenue Services Form 1099 for the 2011 and 2012 tax years for $42,000 paid to her in compensatory damages, and a United States Internal Revenue Services W-2 Form for $7,000 paid to her in back pay wages, for the 2011 tax year.

   d. In order to receive this money, Ms. Holloway, upon consultation with private counsel, has separately entered into a Release with Defendant.

5. Defendant's Owner and President, Sandra Bragg shall serve as guarantor of any and all monetary relief payments required to be made by Defendant under the terms of this Consent Decree. In the event that Defendant is unable to pay any amount required to be paid in the foregoing paragraph, such amount shall be paid by Sandra Bragg in accordance with the terms of this Decree.

6. Until it has made full payment of monetary relief provided by this Consent Decree, Defendant shall not be sold or take any action that would prevent it from making full payment of monetary relief to Julie Holloway. Excepting orders of courts requiring a sale, Defendant agrees that if there is any attempt to sell, or a sale of, Defendant and/or its assets

3

before the payment of any monetary relief due under this Decree, the balance of all monetary relief payments yet to be made under the Decree shall be immediately due and payable. If Defendant fails to make any payment of monetary relief in full accordance with the payment scheduled set forth above, then the principal sum of the unpaid balance shall become immediately due and payable.

### Injunctive Relief

7. Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on its behalf are hereby enjoined from discriminating against any individual on the basis of religion. Title VII prohibits religious discrimination, and provides, in part, as set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to discriminate against any individual with respect to [her] ... terms, conditions, or privileges of employment, because of such individual's ... religion ....

42 U.S.C. § 2000e-2(1). Such discrimination includes denying requests for modification or alteration of employment policies where such requests are pursuant to an employee's religious belief or practice, including but not limited to requests to wear religious head scarves and khimars, unless it is an undue hardship to do so.

8. Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on its behalf are hereby enjoined from retaliating against any person because that person is a beneficiary of this Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Decree. Defendant will also not retaliate or take any adverse action against any employee or applicant in the future because any such individual has filed a charge or opposed a practice

4

believed to be in violation of Title VII. Such retaliation violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

9. Within 60 calendar days after the entry of this Decree, and once per year while this Decree shall remain in effect, Defendant will provide at least two hours of training for all employees, including supervisors, managers and anyone involved in the hiring process who are employed with Defendant on their rights and obligations arising under Title VII, including but not limited to, Defendant's obligations arising under Title VII not to discriminate against any employee or applicant on the basis of religion or engage in unlawful retaliation. This training shall be conducted by the EEOC, counsel for Defendant, or a third party to be approved by EEOC. Defendant will obtain prior approval from the EEOC of the materials to be used and topics to be discussed during the training; provided, however, that such approval will not be unreasonably withheld. Within 10 business days of providing such training sessions, Defendant will furnish EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training.

10. Within 10 calendar days after the entry of this Decree, Defendant will revise its Employee Handbook to include provisions that Defendant will consider any and all requests for modification or alteration of its employment policies, where such request is pursuant to an employee's religious belief or practice and it is not an undue hardship to do so. Defendant's policy shall also include provisions for effective complaint and investigation procedures,

including the implementation and maintenance of a phone number and/or e-mail address for complaints, together with a disciplinary policy for Defendant's employees who engage in discriminatory or retaliatory behavior. Defendant will name an EEO officer to receive complaints of discrimination and retaliation. These provisions of the revised Employee Handbook are to be approved by EEOC and shall be distributed to all employees who work for Defendant within five business days of receipt of such approval; provided, however, that such approval will not be unreasonably withheld.

11. Concurrently with the entry of this Decree, counsel for Defendant will provide a letter, attached as Attachment A, to the Pennsylvania Department of Labor and Industry.

12. As of the date of entry of this Decree, all prospective employers contacting Defendant about Julie Holloway, shall be provided only her dates of employment and position title. Should prospective employers ask further information, Defendant shall state that it is company policy to provide only dates of employment and position titles of its former employees to prospective employers.

### Reporting

13. Every six months following the entry of this Consent Decree, and continuing throughout the duration of the Decree, Defendant will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The report will include the following information:

> Copies of any formal or informal complaints of religious discrimination, or retaliation made by any employee or applicant, including but not limited to internal complaints, administrative charges, and lawsuits, and for every complaint, whether oral or written, the name of the complainant, and a detailed explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

6

### Notice Posting

14. Within 10 business days after entry of this Decree, Defendant will post the Notice attached hereto as Attachment B, in all places where notices to employees are customarily posted at its main office; and the Defendant will provide a copy of the Notice to all of its current employees along with their next pay stubs. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Defendant's President, Sandy Bragg, with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 calendar days of entry of the Decree, Defendant shall forward to the EEOC's Philadelphia District Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the locations and dates of posting.

### Miscellaneous Provisions

15. All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Philadelphia District Office
> Attention: Natasha L. Abel, Trial Attorney
> 801 Market Street, Penthouse Suite 1300
> Philadelphia, Pennsylvania 19107

All materials required by this Decree to be sent to Defendant shall be addressed to:

> Sandra Bragg
> Imperial Security, Inc.
> 8459 Ridge Avenue, 2nd Floor
> Philadelphia, PA 19128-3732

And a copy shall be sent to:

> Jonathan Landesman, Esq.

7

Case 2:10-cv-04733-ER Document 29 Filed 11/22/11 Page 8 of 13
Case 2:10-cv-04733-ER Document 27 Filed 11/21/11 Page 8 of 13

Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

16. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 10 business days of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten 10 business days, the complaining party may apply to the Court for appropriate relief.

17. This Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII or any other statutes enforced by the Commission on any such charges.

18. The Commission and Defendant shall bear their own costs and attorneys' fees.

FOR DEFENDANT:

Jonathan Landesman, Esq.
Cohen Seglias Pallas Greenhall & Furman, PC
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

Sandra Bragg, President
Imperial Security, Inc.

FOR PLAINTIFF:

Debra M. Lawrence, Esq. (NLA)
Regional Attorney

Maria Salacuse, Esq.
Supervisory Trial Attorney

Natasha L. Abel, Esq.
EQUAL EMPLOYMENT

8

8459 Ridge Avenue, 2nd floor  
Philadelphia, PA 19128-3732

OPPORTUNITY COMMISSION  
Philadelphia District Office  
801 Market Street  
Penthouse, Suite 1300  
Philadelphia, PA 19107

① 

SO ORDERED. — MATTER SHALL BE MARKED closed *RLR*

Signed and entered this 21 day of Nov, 2011.

*[signature]*  
United States District Court Judge  
Eduardo C. Robreno

① THE defendant AND Holloway entered into a separate Agreement which provided, inter alia, for Holloway to execute releases in favor of defendant in this case. The agreement is filed under Seal.

*[signature]*  
9.

11/21/11

# ATTACHMENT "A"



**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

Jonathan Landesman
Attorney At Law

United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

T: 215.564.1700 | F: 267.238.4426
jlandesman@cohenseglias.com
www.cohenseglias.com

November 18, 2011

Pennsylvania Department of Labor and Industry
Unemployment Compensation Bureau
Employer Services Section
P.O. Box 67504
Harrisburg, PA 17106-7504

   Re:  EEOC v. Imperial Security, Inc.
      U.S.D.C. for the E.D. of PA, Civil Action No.: 10-cv-4733

Dear Sir/Madam:

  On January 13, 2011, upon request by the Department of Labor and Industry, Imperial submitted its response to Form UC-1972E regarding Claimant Julie Holloway's employment with Imperial. Therein, Imperial indicated that Ms. Holloway voluntarily quit employment from Imperial. Imperial hereby wishes to withdraw its previous response.

  Ms. Holloway filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission who filed a Complaint on her behalf, on September 16, 2010, in the District Court for the Eastern District of Pennsylvania, Civil Action No. 2:10-cv-4733-ECR. On September 6, 2011, the parties reached an amicable agreement regarding the case and Imperial does not contest Ms. Holloway's entitlement to unemployment compensation benefits in any way.

                Very truly yours,

                JONATHAN LANDESMAN

JL/nmg
Attachments

# ATTACHMENT "B"



# NOTICE TO IMPERIAL SECURITY, INC. APPLICANTS AND EMPLOYEES

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission (EEOC) against Imperial Security, Inc. (Imperial Security) in the United States District Court for the Eastern District of Pennsylvania (*EEOC v. Imperial Security, Inc.*, Civil Action No. 2:10-CV-04733-ECR). The EEOC brought this action to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, which prohibit discrimination on the basis of religion.

Imperial Security WILL NOT engage in any acts or practices made unlawful under Title VII.

Imperial Security WILL conduct its employment practices without regard to the religion of an applicant or employee and ensure that all employees are allowed reasonable adjustments to the work environment that will allow employees to practice his or her religion.

Imperial Security WILL take all complaints of discrimination in the workplace seriously and address them appropriately.

Employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor or a manager at 215-483-2525, at any time. Imperial Security has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Philadelphia District Office at 801 Market St., 13th Floor, Philadelphia PA 19107 or by calling 866-408-8075 / TTY 800-669-6820. General information may also be obtained on the Internet at www.eeoc.gov.

Sandy Bragg
President

Date Posted: